**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LAKEVIEW LOAN SERVICING, LLC,**

**Plaintiff,**

**v.**

**NILA F. RAWSON,**

**Defendant.**

**Case No. 25-1105-DDC-BGS**

## MEMORANDUM AND ORDER

Defendant Nila F. Rawson, proceeding pro se,[1] filed a Notice of Removal in May 2025. Doc. 1. Rawson seeks to remove a state-court action filed against her in 2023. Doc. 6 at 3; *see* Petition for Mortgage Foreclosure, *Lakeview Loan Servicing, LLC v. Rawson*, No. SU-2023-CV-000022 (Kan. Dist. Ct. Feb. 6, 2023). On September 3, 2025, Magistrate Judge Brooks G. Severson entered a show-cause order instructing Rawson to address several deficiencies in her Notice of Removal by September 19. Doc. 5. The deadline passed without reply. So, Magistrate Judge Severson issued a Report and Recommendation to remand Rawson's case to state court. Doc. 6.

The Report and Recommendation identified several issues making Rawson's Notice of Removal noncompliant with D. Kan. Rule 81.1 and 81.2. *Id.* at 1–3.[2] Rawson failed to file a

---

[1] The court construes Rawson's pleadings liberally since she is a pro se litigant but nonetheless holds her to the "same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation cleaned up).

[2] Magistrate Judge Severson also expressed serious misgivings about the timeliness of removal and the court's jurisdiction. Doc. 6 at 2–3. The state court rendered final judgment against Rawson in August 2023—well before she filed her Notice of Removal—potentially imperiling her case under the *Rooker*-

copy of the state-court record within 21 days after filing her Notice of Removal, and she didn't clearly specify whether she had delivered all the appropriate removal documents to plaintiff's counsel or the state court. *Id.* at 1–2. Rawson timely objected to the Report and Recommendation asserting several grounds for removal based on federal-question jurisdiction, but not addressing her compliance with our local rules. Doc. 7 at 2–8.

The district court must conduct a de novo review of any part of the Report and Recommendation to which a proper objection was made. Fed. R. Civ. P. 72(b)(3). "In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation." *Kelly-Leppert v. Monsanto/Bayer Corp.*, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) (citing *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 584 (10th Cir. 1995)). The district court then "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

To remove a civil action to federal court, the defendant must file a notice "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The court "may require the removing party to file with its clerk copies of all records

---

*Feldman* doctrine. *See id.* at 3 n.3; Journal Entry of Judgment of Foreclosure, *Lakeview Loan Servicing, LLC v. Rawson*, No. SU-2023-CV-000022 (Kan. Dist. Ct. Aug. 30, 2023). The court needn't wade into these murky *Rooker-Feldman* waters. The "Supreme Court has instructed that federal courts may not assume they have subject matter jurisdiction for the purpose of deciding claims on the merits." *Valenzuela v. Silversmith*, 699 F.3d 1199, 1204–05 (10th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). Still, "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quotation cleaned up). So, the court "may choose to avoid difficult subject matter jurisdiction questions and dispose of a case on a 'threshold, nonmerits issue,' . . . so long as resolving the issue 'does not entail any assumption by the court of substantive law-declaring power.'" *Valenzuela*, 699 F.3d at 1205 (quoting *Sinochem Int'l*, 549 U.S. at 433, 436); *see also Sinchem Int'l*, 549 U.S. at 431 ("Jurisdiction is vital only if the court proposes to issue a judgment on the merits." (quotation cleaned up)).

and proceedings in such State court[.]" 28 U.S.C. § 1447(b). Our district's local rules require the removing party to do precisely this. The removing party "must file with the clerk of this court a copy of all records and proceedings had in the state court." D. Kan. Rule 81.2. "The court may remand any case . . . for failure to comply with this rule." *Id.*

Rawson filed a certificate of service asserting that she had delivered a copy of her "motion" to opposing counsel and "the Clerk of Court at the addresses of record for those." Doc. 1 at 9. But Rawson didn't file a copy of the state-court's records and proceedings, violating D. Kan. Rule 81.2. Doc. 6 at 1–2. This alone is sufficient reason to remand her case. *Yellow Transp., Inc. v. Apex Digit., Inc.*, 406 F. Supp. 2d 1213, 1218 (D. Kan. 2005) (Lungstrum, J.) (explaining that it's within the district court's discretion to remand because of "total failure" to comply with D. Kan. Rule 81.2); *Carrothers Constr. Co. v. USA Slide, Inc.*, 1998 WL 295602, at *1 (D. Kan. May 18, 1998) (collecting cases and remanding for failure to comply with D. Kan. Rule 81.2); *Ebert v. Herwick*, 2016 WL 1639860, at *4 (D. Kan. Apr. 26, 2016). Rawson received ample warning that her Notice of Removal doesn't follow the court's procedural rules and failed to correct these issues. The court therefore accepts, adopts, and affirms the Report and Recommendation and remands Rawson's case for failure to comply with D. Kan. Rule 81.2.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Nila F. Rawson's Objection (Doc. 7) is overruled. Magistrate Judge Brooks G. Severson's Report and Recommendation (Doc. 6) is **ACCEPTED, ADOPTED, AND AFFIRMED**. Defendant's case is **REMANDED** to state court for any further appropriate proceedings. The court directs the

---

[3] Because the court holds that Rawson's Notice of Removal is defective under the local rules, it needn't reach the panoply of other problems her Notice of Removal presents, including the *Rooker-Feldman* issues. *See* Doc. 6 at 3 n.3.

Clerk of the Court to mail a copy of this Order to the Sumner County District Court in Sumner County, Kansas.

**IT IS SO ORDERED.**

**Dated this 5th day of October, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**